IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) |
| --- | --- |
|  | ) |
|  | ) |
| vs. | ) 2:09-cr-00274-TFM |
|  | ) |
| ADOLPH CAMPBELL | ) |
|  | ) |

**MEMORANDUM OPINION**

November 6, 2015

Pending before the Court is Defendant Adolph Campbell's *pro se* MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2). (ECF No. 96). The Government filed a response in opposition to the motion. (ECF No. 98). Assistant Federal Public Defender Michael J. Novara was appointed to represent Defendant in this matter and given until November 3, 2015, to file a reply brief, if warranted. (ECF No. 97). No reply brief has been filed, and the Public Defender's Office has indicated to the Court that none is forthcoming. Accordingly, the motion is ripe for disposition.

On September 15, 2009, a federal grand jury returned a one-count indictment that charged Campbell with conspiracy to distribute and possess with intent to distribute 500 grams of a mixture and substance containing cocaine, in violation of 21 U.S.C. § 846. (ECF No. 1). On July 12, 2011, Campbell pled guilty. According to the Presentence Investigation Report ("PSI") prepared by the Probation Office, Campbell's adjusted offense level was 23. However, the Probation Office increased Campbell's offense level to 37 because he was found to be a career offender under U.S.S.G. § 4B1.1 and because his statutory maximum term of imprisonment was life. *See* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table

1

in this subsection shall apply."). After the three-level reduction for acceptance of responsibility was re-applied, Campbell's total offense level was 34. When considered alongside his criminal history category of VI (as mandated by U.S.S.G. § 4B1.1(b)), Campbell faced a Guidelines range of 262-327 months. On November 22, 2011, the Court sentenced Campbell to a term of imprisonment of 262 months.

Campbell now requests that the Court reduce his sentence under Amendment 782 and Title 18 U.S.C. § 3582(c)(2). Generally, "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). There are, however, a few narrow exceptions to this rule of finality. As relevant here, the Court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment ***based on a sentence range*** that has been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2) (emphasis added). The relevant policy statement contains the following caveat: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 782, which became effective in November 2014, retroactively lowered the base offense levels for cocaine offenses specified in U.S.S.G. § 2D1.1. However, as already mentioned, Campbell's sentencing range was determined by the career offender offense level set forth in § 4B1.1, and not the base offense level in § 2D1.1. Since he was sentenced as a career offender, his base offense level remains 37 irrespective of what his base offense level would have been without the career-offender enhancement. *See generally United States v. Mateo*, 560

F.3d 152, 154-55 (3d Cir. 2009). That offense level, together with his criminal history category of VI (also derived from the career offender guideline), results in a sentencing range of 262-327 months – even after the enactment of Amendment 782. Since "Amendment [782] does not affect [Campbell's] applicable sentencing range, § 3582(c)(2) does not authorize a reduction in his sentence." *Id.* at 155. Accordingly, Campbell is ineligible for a reduction in his sentence, and his motion will be **DENIED**. An appropriate Order follows.

McVerry, S.J.