IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | ) Criminal No. 09-274 |
| | ) Judge Nora Barry Fischer |
| ADOLPH CAMPBELL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

I.   INTRODUCTION

Presently before the Court is a "Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" filed by pro se Defendant Adolph Campbell. (Docket No. 136). The Federal Public Defender declined to file a counseled supplement and the Government was directed to respond. (Docket No. 138). The Government maintains that Defendant is ineligible for relief as the recent amendments to the U.S. Sentencing Guidelines are inapplicable in his case. (Docket No. 139). After careful consideration of the parties' positions and for the following reasons, Defendant's Motion [136] is DENIED, as he is ineligible for a sentence reduction under Amendment 821.

II.   BACKGROUND

On July 12, 2011, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. (Docket No. 64). At his sentencing, Defendant faced a mandatory minimum sentence of 10 years and up to life, as the Government filed a § 851 Information enhancing the statutory penalties based on his prior drug trafficking convictions, and he was also deemed a career offender, with an advisory guidelines range of 262-327 months' incarceration. (*See* PIR at ¶¶ 3-4, 25, 67). His prior criminal history score was ten (10) and included multiple prior convictions for possession with

1

intent to deliver marijuana and cocaine; possession of controlled substances; theft offenses; receiving stolen property; and, trespass.  (PIR at ¶¶ 30-41).  He was not serving a criminal justice sentence at the time of the criminal conduct leading to his conviction and therefore was not assessed any status points under the former version of the U.S. Sentencing Guidelines.  (PIR at ¶¶ 40-41).  As noted, given his career offender designation, his criminal history category of V was increased to VI.  (PIR at ¶ 41).  At the sentencing hearing on November 22, 2011, the Honorable Terrence V. McVerry considered all of the relevant § 3553(a) factors, declined to exercise his discretion to grant a downward variance, as advocated by defense counsel, and imposed a sentence at the low end of the advisory guidelines range of 262 months' incarceration.  (Docket No. 73).

Defendant appealed his sentence but the Court of Appeals granted the Government's motion for summary affirmance and the appeal was dismissed based on his waiver of appellate rights set forth in his plea agreement.  (*See* Docket Nos. 74; 88; 89).  He has filed several other post-sentencing motions seeking to set aside or reduce his sentence, all of which have been denied by Judge McVerry or this Court.  (*See* Docket Nos. 95; 99; 130; 135).

III.    LEGAL STANDARDS

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed."). One such specific authorization is 18 U.S.C. § 3582(c), which provides "an 'exception to the general rule of finality' over sentencing judgments." *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017), *as amended* (May 1, 2017) (quoting *Dillon*, 560 U.S. at 824).

> Section 3582(c)(2) applies to amendments to the Sentencing Guidelines. It provides that a district court may reduce a sentence if

>two conditions are met: (1) the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*Rodriguez*, 855 F.3d at 529 (quoting 18 U.S.C. § 3582(c)(2)) (further citation omitted).

Relevant here, Amendment 821 revised if and when "status points" are applied to offenders who committed offenses while under another criminal justice sentence. *See* U.S.S.G. § 4A1.1. The prior version of the Guidelines, § 4A1.1, required that two criminal history points be assessed for all such offenders. U.S.S.G. § 4A1.1 (eff. Nov. 1, 2018). The current version effective November 1, 2023 is more restrictive and directs the Court to "[a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (eff. Nov. 1, 2023). Amendment 821 also includes an additional 2-level reduction for offenders who had zero criminal history points at the time of sentencing. *See* U.S.S.G. § 4C1.1 (eff. Nov. 1, 2023) ("If the defendant meets all of the following criteria [in (1)-(10)] decrease the offense level determined under Chapters Two and Three by 2 levels."). Although Amendment 821 has been made retroactive for offenders who were previously sentenced, the relevant guideline, § 1B1.10(b)(2)(A), contains certain limitations, including that an offender's sentence may not be reduced "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

If it is determined that a defendant is eligible for relief under Guideline § 1B1.10, "§ 3852(c)(2) [next] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies […] is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. "In

addition, a district court 'shall consider the nature and seriousness of the danger to any person or the community' and 'may consider post-sentencing conduct of the defendant.'" *Rodriguez*, 855 F.3d at 529 (quoting U.S.S.G. § 1B1.10, cmt. n.1(B)(ii-iii)) (further citation omitted).  A defendant does not have a right to an evidentiary hearing in section 3582(c) proceedings as such proceedings "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *see also* Fed. R. Crim. P. 43(b)(4) ("A defendant need not be present" when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)").

## IV. DISCUSSION

Returning to the instant matter, Defendant's pro se Motion must be denied because the recent amendments do not affect the computations of the advisory guidelines range in his case.  To that end, he is not a "zero-point offender" because he had ten criminal history points and was deemed a career offender at the time of his sentencing.  *See* U.S.S.G. § 4C1.1 (eff. Nov. 1, 2023). He also did not commit the offense while he was under another criminal justice sentence and therefore was not assessed any "status points" in computing his criminal history score.  *See* U.S.S.G. § 4A1.1. (eff. Nov. 1, 2023).  Stated differently, if Defendant were sentenced today, he would still be subject to a total offense level of 34, a criminal history category of VI, and an advisory guidelines range of 262-327 months' imprisonment.  Hence, he is ineligible for relief under Amendment 821 and his motion must be denied.

## V.  CONCLUSION

Based on the foregoing, Defendant Adolph Campbell's pro se Motion [136] is DENIED. An appropriate Order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
Senior United States District Judge

Dated:  April 30, 2024

cc/ecf:  All counsel of record

cc:      Adolph Campbell
          BOP No. 30491-068
          FCI Petersburg Low
          Federal Correctional Institution
          P.O. Box 1000
          Petersburg, VA 23804
          (via first class mail)